J-S67028-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ADAMIS ARIAS | |
| Appellant | No. 1975 MDA 2014 |

Appeal from the Judgment of Sentence October 14, 2014
In the Court of Common Pleas of Luzerne County
Criminal Division at No(s): CP-40-CR-0001414-2013

BEFORE:  BOWES, J., PANELLA, J., and PLATT, J.[*]

MEMORANDUM BY PANELLA, J.                    **FILED JANUARY 22, 2016**

Appellant, Adamis Arias, appeals from the judgment of sentence entered October 14, 2014, in the Court of Common Pleas of Luzerne County. No relief is due.

On February 25, 2013, Arias was arrested for the shooting death of the victim, Angel Villalobos, in Hazleton, Pennsylvania.  At trial, Commonwealth witness Rafael Santana Nunez[1] testified that on February 23,

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] As will be discussed below, Nunez initially failed to appear to testify despite the numerous efforts of police to secure his presence at trial.  Over defense objection, the trial court declared Nunez to be an unavailable witness under Pa.R.E. 804(b)(1) and permitted the Commonwealth to read into evidence Nunez's preliminary hearing testimony.  When Nunez appeared the following day willing to testify, the trial court ordered that the preliminary hearing testimony be stricken from the record and Nunez proceeded to testify.

2013, he observed Arias, who was waiving a firearm, confront the victim on West Maple Street and ask where his money was. *See* N.T., Trial, 8/12/14 at 545-46. Nunez testified that he then heard Arias fire his firearm at the victim, who was shot in the back. *See id*. at 547-48. Nunez later identified Arias as the shooter from a police lineup. *See id*. at 549.

Dr. Gary Ross, who conducted the autopsy on the victim, was qualified as an expert in the field of forensic pathology. Dr. Ross testified that the victim sustained two gunshot wounds. Dr. Ross opined that the first bullet entered the victim's back near his lower spine, and would have caused the victim to fall to the ground. *See id*. at 493. Over defense objection, Dr. Ross testified that the second bullet, which entered near the victim's pelvis, was fired while the victim was lying on his back. *See id*. at 497-98; 501-02.

A jury convicted Arias of third degree murder. The trial court sentenced Arias to a term of twenty to forty years in prison. Arias filed a motion for reconsideration of sentence, which the trial court denied. This timely appeal followed.

Arias raises the following issues for our review.

A. Whether the [c]ourt erred in allowing the Commonwealth to read into evidence the testimony of Rafael Santana Nunez from the Preliminary Hearing in that the Commonwealth did not establish that the witness was unavailable under Rule 804(a) and because [Arias] was not allowed to cross-examine the witness on his credibility at the Preliminary Hearing?

B. Whether the [t]rial [c]ourt erred in allowing the testimony of Dr. Gary Ross as to the location of the shooter at the time the second bullet was fired in that said testimony was beyond the scope of his expert forensic pathology report and outside his

expertise as a physician in that said testimony involved expert knowledge of bullet trajectories, velocities, calibers of guns and types of bullets?

Appellant's Brief at 4.

Arias first argues that the trial court erred in permitting the Commonwealth to enter into evidence the preliminary hearing testimony of witness Rafael Santana Nunez, whom the trial court had determined to be an unavailable witness pursuant to Pa.R.E. 804(b)(1). We note that the "[a]dmission of evidence is within the sound discretion of the trial court and will be reversed only upon a showing that the trial court clearly abused its discretion." **Commonwealth v. Tyson**, 119 A.3d 353, 357 (Pa. Super. 2015) (citation omitted). "An abuse of discretion is not merely an error of judgment, but is rather the overriding or misapplication of the law, or the exercise of judgment that is manifestly unreasonable, or the result of bias, prejudice, ill-will or partiality, as shown by the evidence of record." **Commonwealth v. Ali**, 112 A.3d 1210, 1217 (Pa. Super. 2015) (citation omitted), **appeal granted in part by**, --- A.3d ----, 2015 WL 7763727 (Pa. Dec. 2, 2015).

The Pennsylvania Rules of Evidence state that the following statements are not excluded by the hearsay rule if the declarant is unavailable as a witness.

Testimony given as a witness at another hearing of the same or a different proceeding, or in a deposition taken in compliance with law in the course of the same or another proceeding, if the party against whom the testimony is now offered, or, in a civil action or proceeding, a predecessor in interest, had an adequate

> opportunity and similar motive to develop the testimony by direct, cross, or redirect examination.

Pa.R.E., Rule 804(b)(1).

Instantly, our review of the record reveals that although the trial court permitted the Commonwealth to read into evidence the witness's preliminary hearing testimony after Nunez failed to arrive in court to testify, Nunez appeared willing to testify the following day. Although the Commonwealth initially opposed calling Nunez as a witness, defense counsel moved to have Nunez's former testimony stricken from the record. *See* N.T., Trial, 8/12/14 at 530. The trial court ultimately granted the defense motion to strike the preliminary hearing testimony from the record and instructed the jury to disregard the portion of Nunez's testimony that the Commonwealth read into the record the previous day. *See id*. at 537, 541-542. Nunez then proceeded to testify in person and was subject to cross-examination by defense counsel. *See id*. at 543-573.

We find that Arias's challenge to the introduction of Nunez's preliminary hearing was rendered moot when the trial court granted defense counsel's motion to strike the testimony from the record. Defense counsel was afforded a full and fair opportunity to cross-examine the witness. We further find that the trial court's cautionary instruction to the jury to disregard the former testimony sufficiently cured any potential prejudice that may have arisen from the introduction of the preliminary hearing testimony. *See Commonwealth v. Miller*, 819 A.2d 504, 513 (Pa. 2002) ("[T]he

law presumes that the jury will follow the instructions of the court."). Accordingly, this claim is without merit.

Lastly, Arias contends that the trial court erred when it permitted examining forensic physician, Dr. Ross, to offer an expert opinion as to the location of the shooter at the time the second bullet was fired. **See** Appellant's Brief at 25.[2] Arias does not cite any case law in support of his proposition that Dr. Ross was unqualified to offer such an opinion.

Contrary to Arias's assertion otherwise, we have long held that "[a] physician who examines the gunshot wounds suffered by a decedent may give his opinion regarding the direction and distance from which such wounds were inflicted though that physician is not qualified as a ballistics expert." **Commonwealth v. Guess**, 416 A.2d 1094, 1096 (Pa. Super. 1979) (citing **Commonwealth v. Gonzales**, 345 A.2d 691 (Pa. 1975)). Here, Dr. Ross was an expert in forensic pathology who conducted the

_____

[2] Pa.R.E. 702 governs the permissibility of expert testimony.

> If scientific, technical or other specialized knowledge beyond that possessed by a layperson will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training or education may testify thereto in the form of an opinion or otherwise.

Pa.R.E. 702.

autopsy of the victim. We therefore find the opinion offered by Dr. Ross regarding the direction from which the second shot was fired was within his area of expertise. ***See***, ***e.g.***, ***Commonwealth v. Mollett***, 5 A.3d 291, 305 (Pa. Super. 2010) (finding it was within former medical examiner's area of expertise to testify to position of decedent prior to being shot). Accordingly, the admission of this testimony was not in error.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/22/2016